IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WFR IP LLC,<br>  Plaintiff,<br><br>v.<br><br><br>AMAZON WEB SERVICES, INC. and<br>AMAZON.COM SERVICES, INC.<br>  Defendants. | )<br>)<br>)  Civil Action No. 6:22-cv-00663<br>)<br>)<br>)<br>)<br>)<br>)  JURY TRIAL DEMANDED<br>) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff WFR IP LLC ("WFR") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of US Patent Nos. 7,505,793 ("the '793 patent") and 9,438,984 ("the '984 patent") (collectively referred to as the "Patents-in-Suit") by Amazon Web Services, Inc. and Amazon.com Services, Inc. (collectively, "Defendants" or "Amazon").

**I. THE PARTIES**

1. WFR IP LLC is a Texas limited liability corporation with its principal place of business located in Travis County, Texas.

2. On information and belief, Defendant Amazon Web Services, Inc. ("AWSI") is a Delaware corporation with a principal address of 410 Terry Avenue North, Seattle, Washington, 98109, and is a subsidiary of Amazon.com, Inc. On information and belief, Defendant Amazon.com Services, Inc. ("ASI") is a Delaware corporation with a principal address of 410 Terry Avenue North, Seattle, Washington, 98109, and is a subsidiary of Amazon.com, Inc.

1

3. On information and belief, Defendants sold and offered to sell products and services throughout Texas, including in this judicial district, and introduced products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Each Defendant is registered to do business in Texas and each may be served via its registered agent at Corporation Services Company, located at 211 E. 7th Street, Suite 620 Austin, TX 78701, at its regular place of business, or anywhere that it may be found.

## II. JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendants because: (i) Defendants are present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendants have purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendants have committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendants conduct substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or

deriving substantial revenue from goods and services provided to individuals in Texas and this District.

### III. INFRINGEMENT

**A. Infringement of the '793 Patent**

7. On March 17, 2009, U.S. Patent No. 7,505,793 ("the '793 patent", included as an attachment) entitled "Data Sharing Using Distributed Cache In A Network Of Heterogeneous Computers" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '793 patent by assignment.

8. The '793 patent relates to novel and improved apparatuses and systems of wireless earpiece and wearable piece assemblies.

9. On information and belief, Defendants make, use, offer for sale, and sell wireless earpiece and wearable piece products and services through its website and other sources that infringe one or more of claims 5, 6, 8-11, and 15-19 of the '793 patent, literally or under the doctrine of equivalents. Defendants put the inventions claimed by the '793 patent into service (i.e., used them); but for Defendants' actions, the claimed-inventions embodiments involving Defendants' products and services would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the following exemplary tables included as Exhibits A, C and E. These allegations of infringement are preliminary and are therefore subject to change.

11. Defendants have and continue to induce infringement. Defendants have actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continue to do so, on how to use its products and services (e.g., use its wireless earpiece and wearable piece assemblies) and related products and services such as to cause infringement of one or more of claims 5, 6, 8-11, and 15-19 of the '793 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '793 patent and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

12. Defendants have and continue to contributorily infringe. Defendant have actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continue to do so, on how to use its products and services (e.g., use its wireless earpiece and wearable piece assemblies) and related products and services such as to cause infringement of one or more of claims 5, 6, 8-11, and 15-19 of the '793 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '793 patent and the technology underlying it from at least the filing date of the lawsuit. [2] For clarity, direct infringement is previously alleged in this complaint.

13. Defendants have caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement and contributory infringement) the claims of the '793 patent.

B.  **Infringement of the '984 Patent**

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

14. On September 6, 2016, U.S. Patent No. 9,438,984 ("the '984 patent", included as an attachment) entitled "Wearable Electronic Pieces and Organizer" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '984 patent by assignment.

15. The '984 patent relates to novel and improved apparatuses, systems and methods for an organizer for wearable electronic pieces or wireless communication jewelry.

16. On information and belief, Defendants make, use, offer for sale, and sell wireless earpiece and wearable piece products and services through its website and other sources that infringe one or more of claims 1-20 of the '984 patent, literally or under the doctrine of equivalents. Defendants put the inventions claimed by the '984 patent into service (i.e., used them); but for Defendants' actions, the claimed-inventions embodiments involving Defendants' products and services would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

17. Support for the allegations of infringement may be found in the following exemplary tables included as Exhibits B and D. These allegations of infringement are preliminary and are therefore subject to change.

18. Defendants have and continue to induce infringement. Defendants have actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continue to do so, on how to use its products and services (e.g., use its wearable electronic pieces and wireless communication jewelry) and related products and services such as to cause infringement of one or more of claims 1-20 of the '984 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '984 patent and the technology underlying it

from at least the filing date of the lawsuit.[3]  For clarity, direct infringement is previously alleged in this complaint.

19. Defendants have and continue to contributorily infringe. Defendant have actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continue to do so, on how to use its products and services (e.g., use its wearable electronic pieces and wireless communication jewelry) and related products and services such as to cause infringement of one or more of claims 1-20 of the '984 patent, literally or under the doctrine of equivalents.  Further, there are no substantial noninfringing uses for Defendant's products and services.  Moreover, Defendant has known of the '984 patent and the technology underlying it from at least the filing date of the lawsuit. [4] For clarity, direct infringement is previously alleged in this complaint.

20. Defendants have caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement and contributory infringement) the claims of the '984 patent.

**IV.    JURY DEMAND**

Plaintiff hereby requests a trial by jury on issues so triable by right.

**V.    PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a.    enter judgment that Defendants have infringed the claims of the '793 and '984 patents;

---

[3] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[4] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

b.  award Plaintiff damages in an amount sufficient to compensate it for Defendants' infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.  award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement; and

d.  declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.  declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.  a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendants and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendants from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendants will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

g.  award Plaintiff such other and further relief as this Court deems just and proper.

DATED: June 24, 2022                    Respectfully submitted,

                                                    **Ramey LLP**



William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for WFR IP LLC***